UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Kosher Supervision Service Inc. and
Kosher Supervision Service Inc. d/b/a Kof-
K Kosher Supervision,

Civil Action No.:

          Plaintiff,

**VERIFIED COMPLAINT**

-against-

Jetblue Airways Corporation,

          Defendant.

Plaintiffs Kosher Supervision Service Inc. and Kosher Supervision Service Inc. d/b/a Kof-K Kosher Supervision (hereinafter "Plaintiffs" or "Kof-K") by and through their attorneys, Law Offices of Jan Meyer & Associates, by way of Complaint against Jetblue Airways Corporation [hereinafter "Defendant"], for acts of trademark infringement, false designation of origin, dilution, unfair competition and deceptive trade practices, arising out of Defendant's unauthorized use of Kof-K's registered certification mark on Jetblue Airways Corporation's products and/or displays and/or websites, allege as follows:

## THE PARTIES

1. Plaintiffs Kof-K are a corporation formed under the laws of the State of New Jersey, having its principal place of business at 201 The Plaza, Teaneck, New Jersey 07666.

2. Upon information and belief, Defendant Jetblue Airways Corporation is a corporation formed under the laws of the State of New York, having its principal place of business at 27-01 Queens Plaza North, Long Island City, New York 11101.

3. Upon information and belief, Defendant Jetblue Airways Corporation is in the

business of providing airline services, including the manufacturing, retailing, packaging, selling and/or distributing of flight meals and/or snacks and/or related products. Defendant markets its products through in-flight/onboard sales, product flyers/brochures, and its websites, as well as through its sales force and its distributors.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this dispute arises under the laws of the United States. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a) and (b), in that this dispute arises under the Lanham Act. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity among the parties and the amount in controversy exceeds $75,000.00.

5. This Court may exercise personal jurisdiction over Defendant because Defendant has distributed its products nationally, including but not limited to, through its website(s), social media and/or its network of private label purchasers and distributors. Defendant has also caused harm to Kof-K within the State of New Jersey.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of New Jersey and/or diversity jurisdiction pursuant to 28 U.S.C. § 1332, et seq.

## FACTUAL BACKGROUND

7. Kof-K provides kosher product certifications that are trusted and recognized throughout the world. In Hebrew, the word "kosher" means fit or proper, and is used to describe certain food items that are prepared in accordance with special Jewish dietary laws. The market for kosher foods is vast and reaches beyond those who are of the Jewish faith. Many Seventh-day Adventists, vegetarians, vegans, those that are lactose-intolerant, and health-conscious consumers consume kosher foods due to the higher standards of quality and

stringent ingredient control under which they are produced and manufactured. According to several sources, the kosher consumer market was estimated in 2010 to include more than 14 million kosher consumers.

8. For foods to be considered kosher, all of the ingredients and sub-units in a food product must conform to the Jewish dietary laws. If even one non-kosher ingredient is used in a food product, that can render the entire product unsuitable. Additionally, foods have to be processed on kosher equipment in order for the food items to be declared kosher. Pronouncing certain food products as kosher involves a meticulous examination of the products themselves to determine whether each of the individual ingredients, and all of the products and processes related to the foods preparation meet the very strict standards and highest level of quality demanded by kosher laws.

9. Consumers and other purchasers are generally unable to determine whether food products are kosher by simply reading the ingredient panels on the labels of the food products. Food products can contain ingredients that may be considered kosher or non-kosher depending on the source of supply. Glycerins can be either of animal or vegetable origins; vegetable-based glycerins are generally considered kosher, while the animal-based glycerins are generally not considered kosher. Many ingredients contain subunits that are not detailed on the ingredient panels. As an example, flavors are composed of scores of ingredients, but only the word "flavor" may appear on the ingredient label. Furthermore, consumers or other purchasers cannot easily determine whether a product was produced on equipment that is either kosher or non-kosher.

10. Due to the complexity of kosher laws, and the inability of consumers and other purchasers to determine whether a food product is kosher, consumers and other purchasers

rely upon the certification of agencies like Kof-K, which provide kosher supervision and guidance.

11. Kof-K is the sole and exclusive owner of the kosher certification mark ⓚ and "KOF-K" trademark (the "Kof-K marks"). Since at least 1971, the Kof-K mark and/or trademark have been used on thousands of food and food-related products as an indicator that such products have been certified as kosher by Kof-K. Kof-K has spent considerable money, time and energy promoting its certification services and its Kof-K mark and/or trademark. The Kof-K mark and/or trademark are the central feature of the Kof-K's promotional efforts. The Kof-K mark and/or trademark have achieved a high degree of consumer recognition and has become famous as one of the most widely recognized indicators of kosher foods throughout the world. Kosher and non-kosher consumers recognize the Kof-K mark and/or trademark as symbols of integrity, trustworthiness and reliability.

12. The Kof-K mark and the trademark of "KOF-K" are federally registered under Registration No. 927,067, and Serial No. 389,770 and Serial No. 97253177, respectively. A true and correct copy of the Certificate(s) of Registration for the Kof-K mark and/or trademark is attached hereto as **Exhibit A**.

13. On or before June 22, 2022, it was brought to the attention of the Plaintiffs that one or more of Defendant's products sold in the marketplace bore the Kof-K mark and/or trademark. Please see image attached as **Exhibit B**.

14. Upon information and belief, Defendant produces, sells, offers for sale, distributes, and/or advertises Defendant's products bearing the Kof-K mark and/or trademark.

15. Defendant's use of the Kof-K mark and/or trademark on Defendant's products is not authorized by Plaintiffs.

16. Plaintiffs and Defendant had never entered into a contract whereby Defendant would receive Kosher certification and/or permission to utilize the Kof-K mark and/or trademark on Defendant's products.

17. Plaintiffs never approved any of Defendant's products as certified kosher or permitted the use of the Kof-K mark and/or trademark on any of its products.

18. On or before June 22, 2022, Defendant's products bearing the unauthorized Kof-K mark and/or trademark were produced, available for sale or distributed to the public at large through distribution channels.

19. At no time since the Plaintiff was informed about the unauthorized use of the Kof-K mark and/or trademark by the Defendant, has the Defendant ever been granted permission to utilize the Kof-K mark and/or trademark on its products.

20. Upon information and belief, Defendant knew the Kof-K mark and/or trademark signified that a product had been approved by a certifying body and/or satisfied specific criteria.

## COUNT I
### TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)(a)

21. Plaintiffs repeat each prior paragraph of the Complaint with the same force and effect as if set forth fully herein.

22. Defendant uses in commerce Kof-K's Kof-K mark and/or trademark in connection with the production, sale, offering for sale, distribution, and/or advertising of Defendant's products.

23. Defendant's use of Kof-K's Kof-K mark and/or trademark is unauthorized.

24. Defendant's products bear a spurious mark which is identical with, or substantially indistinguishable from, the Kof-K mark and/or trademark, and which is a "counterfeit mark" within the meaning of 15 U.S.C. §§ 1116(d), 1117(b), and 1117(c).

25. Defendant's unauthorized use of Kof-K's Kof-K mark and/or trademark has caused and is likely to cause confusion and/or mistake, or to cause deception as to the origin, sponsorship or approval of such goods by Kof-K, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

26. Defendant's unauthorized use of the Kof-K mark and/or trademark was done with the knowledge that Defendant lacked any authority to use the Kof-K mark and/or trademark.

27. Defendant's unauthorized use of the Kof-K mark and/or trademark is intended to deceive consumers into believing that Defendant's products are kosher pursuant to Kof-K's standards.

28. Defendant's infringement of the Kof-K mark and/or trademark is an intentional, knowing and/or willful use of a counterfeit mark within the meaning of 15 U.S.C. § 1117(b)(1) and/or § 1117(c)(2).

29. Defendant's conduct has caused substantial injury to Kof-K, as well as to those kosher and non-kosher consumers who consumed and will continue to consume Defendant's products, mistakenly believing that those products are and were kosher under the supervision of Kof-K.

### COUNT II
### FALSE DESIGNATION OF ORIGIN, 15 U.S.C. 1125(a)

30. Plaintiffs repeat each prior paragraph of the Complaint with the same force and effect as if set forth fully herein.

31. Defendant's unauthorized use in commerce of Kof-K's Kof-K mark and/or trademark in connection with the production, sale, offering for sale, distribution, and/or advertising of products constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact which has caused and is likely to cause confusion, or to cause mistake, or to cause deception as to the affiliation, connection or association of Defendant with Kof-K, or as to the origin, sponsorship or approval by Kof-K of its products, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. Defendant's unauthorized use in commerce of the Kof-K mark and/or trademark in connection with the production, sale, offering for sale, distribution, and/or advertising of products constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact which misrepresents the nature, characteristics, or qualities of its products, in further violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Upon information and belief, these false designations, descriptions and representations were made by Defendant with knowledge of their falseness, and no appropriate corrective action has been initiated by Defendant to remedy the infringement or to deal with the infringing products that have been placed in commerce that has been brought to Defendants' attention. Defendant's continued false designation, description and representation (including the display of the Kof-K mark and/or trademark on its products labels) have been made by Defendant deliberately.

33. Defendant's conduct has caused substantial injury to Kof-K, as well as to those kosher and non-kosher consumers who consumed and will continue to consume Defendant's products mistakenly believing that those products are and were kosher

under the supervision of Kof-K.

## COUNT III
### DILUTION OF FAMOUS MARK UNDER 43(C) OF LANHAM ACT, 15 U.S.C. 1125(C)

34. Plaintiffs repeat each prior paragraph of the Complaint with the same force and effect as if set forth fully herein.

35. Kof-K's Kof-K mark and/or trademark are famous marks under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), in that the mark(s) are distinctive, have been used for many years throughout the world and are widely recognized therein, have been widely advertised and publicized, and the Kof-K mark and/or trademark have not been used by any person or entity other than Kof-K.

36. After the Kof-K mark and/or trademark became famous, Defendant began using the mark and/or trademark in a manner that caused and continues to cause dilution of the distinctive quality of the mark and/or trademark.

37. Defendant's dilutive use of the Kof-K mark and/or trademark is willful.

38. Consumers have purchased Defendant's products that bear the Kof-K mark and/or trademark with the mistaken belief that such products were kosher and certified by Kof-K. These consumers are likely to no longer trust the Kof-K mark and/or trademark, and may cease to trust that mark and/or trademark as evidence that products have been properly certified as kosher by Kof-K in strict compliance with the Jewish dietary laws.

39. Defendant's conduct has caused substantial injury to Kof-K, as well as to those kosher and non-kosher consumers who consumed and will continue to consume Defendant's products mistakenly believing that those products are and were kosher under the supervision of Kof-K.

## COUNT IV
### COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

40. Plaintiffs repeat each prior paragraph of the Complaint with the same force and effect as if set forth fully herein.

41. By the wrongful actions described above, Defendant has violated and infringed upon Kof-K's common law rights in their Kof-K mark and/or trademark and have competed unfairly with the Kof-K under the common law of the State(s) of New York and/or New Jersey.

42. Defendant's conduct amounts to deceit. By passing off its goods as being certified as kosher by Kof-K, Defendant's conduct is likely to deceive and confuse the kosher consuming public. This deception is likely to generate profits that, but for said deception, Defendant would not have received.

43. Defendant's continuing distribution and sale of its products, and its refusal to take any meaningful corrective actions with respect to its ongoing infringement are willful, and have caused and will continue to cause immediate, substantial and irreparable injury to Kof-K, which includes irreparable injury to the Kof-K mark and/or trademark, its reputation in the kosher consuming community and its goodwill. Additionally, Defendant's infringing acts have caused Kof-K to suffer damages.

44. Defendant's infringing and deceitful acts have caused and continue to cause substantial and irreparable injury to kosher and non-kosher food consumers, who unknowingly purchased its products that had not been certified as kosher by Kof-K, believing those products to be so certified, resulting in potential violations of those consumers' religious and/or dietary beliefs, as well as their personal dietary choices. Additionally, the consumption of food products from Defendant could have large health ramifications for consumers who eat kosher foods due to health reasons.

## COUNT V
### CONSUMER FRAUD

45. Plaintiffs repeat each prior paragraph of the Complaint with the same force and effect as if set forth fully herein.

46. Upon information and belief, Defendant and/or its agents allegedly made false, deceptive and/or misleading representations and/or omissions to Plaintiffs and/or third parties, including but not limited to third-party consumers, as to the products being sold and/or offered for sale by Defendant, including but not limited to representations that said products were kosher and/or certified by Plaintiffs as kosher.

47. Upon information and belief, Defendant and/or its agents allegedly intended that Plaintiffs and/or third parties rely on its representations and/or omissions in inducing Plaintiffs and/or third parties to enter into transactions, including but not limited to orders and/or purchases of Defendant's products, and in fact, Plaintiffs and/or third parties allegedly relied on such representations, to their detriment, in entering into the aforementioned transactions.

48. Said representations were allegedly made despite the fact that the goods and/or services sold and/or offered for sale by Defendant were not kosher and/or not properly certified as kosher.

49. Said alleged representations and/or omissions were allegedly deceptive, false and/or misleading, and/or allegedly constituted unconscionable commercial practice(s), deception, fraud, false pretense, false promise(s), misrepresentations and/or the knowing concealment, suppression or omission of material fact(s), with the intent that Plaintiffs and/or third parties rely upon same in connection with the aforesaid transactions and/or the sale, distribution and/or advertisement of any merchandise with Plaintiffs' mark and/or trademark

thereon, and/or with the parties' prior or subsequent performance.

50.  Accordingly, upon information and belief, Defendant allegedly violated, includig but not limited to, the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1, et seq.), the New Jersey Kosher Food Consumer Protection Act (N.J.S.A. 56:8-61, et seq.), and/or applicable trade regulations.

51.  Upon information and belief, Defendant and/or its agents allegedly entered into a pattern, practice and/or scheme of unlawful practice(s) perpetuated upon Plaintiffs and/or third-parties and/or third-party consumers similarly situated in the State of New Jersey and/or other States.

52.  Defendant and/or its agents' aforementioned alleged actions, representations and/or omissions constitute unlawful practices, including but not limited to pursuant to New Jersey's Consumer Fraud Act (N.J.S.A. 56:8-1, et seq.), the New Jersey Kosher Food Consumer Protection Act (N.J.S.A. 56:8-61, et seq.), and/or applicable trade regulations.

53.  As a result of Defendant and/or its agents' allegedly unlawful practices, Plaintiffs sustained money damages, and is entitled to treble damages including but not limited to pursuant to New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-19, in addition to refund of all monies acquired by means of the unlawful consumer fraud, as well as reasonable attorney's fees, filing fees and reasonable costs of suit.

## COUNT VI
### TRAFFICKING IN COUNTERFEIT MARK

54.  Plaintiffs repeat each prior paragraph of the Complaint with the same force and effect as if set forth fully herein.

55.  Upon information and belief, Defendant allegedly used, without consent of Plaintiffs, reproductions, counterfeits, copies and/or colorable imitations of Plaintiff's mark

and/or trademark in connection with the sale, distribution, offering for sale, and/or advertising in New Jersey and/or other States of goods and/or services on or in connection with which the use is likely to cause confusion or mistake, and/or to deceive as to the source of origin of the goods and/or services.

56. Additionally and/or in the alternative, upon information and belief, Defendant allegedly reproduced, counterfeited, copied and/or otherwise made colorable imitations of Plaintiffs' mark and/or trademark and applied same to labels, signs, prints, packages, wrappers, receptacles, and/or advertisements intended to be used upon and/or in connection with the sale and/or other distribution in the State of New Jersey and/or other States of the aforesaid goods and/or services.

57. N.J.S.A. 56:3-13.16 authorizes Plaintiffs to bring an action for profits and/or damages resulting from Defendant's aforesaid alleged actions in trafficking Plaintiffs' mark and/or trademark and/or counterfeits of same.

58. Pursuant to N.J.S.A. 56:3-13.16 (and pursuant to similar laws in other States), Plaintiffs are entitled to remedies, including but not limited to temporary restraining orders; injunctions; payment of all profits derived from or all damages suffered by reason of such conduct, or both; disposal and destruction of any and all reproductions, counterfeits, copies and/or imitations of Plaintiff's mark and/or trademark in the possession and/or under the control of Defendant; three times the profits or damages; reasonable attorney's fees and costs of suit; prejudgment interest; and any provisional or equitable remedy that would be available in a comparable civil action commenced under the federal Trademark Act of 1946, to wit, 15 U.S.C. §1051, et seq. (the Lanham Act).

**WHEREFORE**, Kof-K respectfully requests that this Court:

A.  Award damages to Kof-K against Defendant in an amount to be determined at trial;

B.  Issue an Order temporarily and/or permanently enjoining Defendant Jetblue Airways Corporation from any and all unauthorized uses of the Kof-K mark and/or trademark, and further direct Defendant to take immediate corrective actions to remove the offending products from the marketplace and from its website(s), therefore remedying the continuous infringement of the Kof-K mark and/or trademark and in furtherance of preventing deception of the kosher-consuming public;

C.  Order Defendant to provide an accounting to Kof-K including any and all details regarding production, inventory, distribution, sale, and profits gained from their sale of products bearing the unauthorized Kof-K mark and/or trademark;

D.  Award statutory damages to Kof-K pursuant to 15 U.S.C. § 1117(c)(1) for Defendant's use of a counterfeit of the Kof-K mark and/or trademark;

E.  Award to Plaintiff, Kof-K, against Defendant damages in an amount of three times the amount of Kof-K's damages or Defendant's profits, whichever one is greater, including but not limited to pursuant to 15 U.S.C. § 1117(b) for Defendant's intentional and knowing use of the Kof-K mark and/or trademark, and/or statutory damages to Kof-K including but not limited to pursuant to 15 U.S.C. § 1117(c)(2) for Defendant's willful use of a counterfeit of the Kof-K mark and/or trademark;

F.  Award exemplary and punitive damages to Kof-K against Defendant in an amount to be determined at trial;

G.  Declare this case to be an "exceptional" case including but not limited to within the meaning of 15 U.S.C. § 1117(a), and award Kof-K costs and attorneys' fees against

Defendant, which it incurred in connection with this action, including but not limited to under 15 U.S.C. § 1117(a), and/or as otherwise permitted by law;

    H.    Award refund of all monies acquired by Defendant by means of its unlawful actions, including but not limited to all profits derived from or all damages suffered by reason of such actions, or both; as well as reasonable attorney's fees, filing fees and reasonable costs of suit;

    I.    Award pre- and post-judgment interest to Kof-K against Defendant on all sums due from Defendant;

    J.    Award such other and further relief as the Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Kof-K respectfully requests trial by jury on all claims so triable.

Dated: June 22, 2022

Law Offices of Jan Meyer and Associates, P.C.

/s/ Richard L. Elem
_____
Richard L. Elem, Esq.
Attorney for Plaintiff(s)
1029 Teaneck Road, Second Floor
Teaneck, New Jersey 07666

## VERIFICATION

Rabbi Judah Rosenbaum, of full age, hereby certifies and states:

1. I am the Administrative Director of Plaintiffs, Kosher Supervision Service Inc. and Kosher Supervision Service Inc. d/b/a Kof-K Kosher Supervision, and as such, have knowledge of the facts of this matter and am authorized and empowered to make this verification.

2. I have reviewed the Verified Complaint and hereby verify that the statements made therein are true to the best of my knowledge, information and belief, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

Dated: June 22, 2022

                                                Rabbi Judah Rosenbaum
                                                Administrative Director
                                                Kosher Supervision Service Inc. and
                                                Kosher Supervision Service Inc. d/b/a
                                                Kof-K Kosher Supervision